UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___12/17/2020___
```

LUIS HERNANDEZ,

                          Plaintiff,

        v.

UNITED STATES OF AMERICA, *et al.*,

                          Defendants.

No. 16 Civ. 6139 (JPC)(RWL)

**STIPULATION OF
CONFIDENTIALITY AND
PROTECTIVE ORDER**

        WHEREAS, the parties in the above-captioned action intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

        WHEREAS, pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Confidentiality and Protective Order, upon the joint request of the parties, for the purposes of facilitating the disclosure of information and assuring the confidentiality of information that may be disclosed by the parties or by any non-party agencies, departments, or offices of the United States or the City of New York in the course of discovery proceedings, including material that has already been disclosed in anticipation of the entry of this Confidentiality and Protective Order.  The Court, having found that good cause exists for entry of this Confidentiality and Protective Order, HEREBY ORDERS:

1.        Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information").  Information and documents designated by a

party as confidential will be marked "CONFIDENTIAL," or other designated as confidential by Bates Number or in some other such clear manner. Such Confidential Information includes:

a.   Information, documents, or tangible things protected by the Privacy Act, 5 U.S.C. § 552a, *et seq.*

b.   Personally identifiable information, and any information that is protected or restricted from disclosure by statute or regulation, but which the Court may order to be produced.

c.   Information, documents, or tangible things, which would be protected from disclosure under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, including under the exemption found at 5 U.S.C. § 552(b)(7)(E), or protected from disclosure under the New York Freedom of Information Law ("FOIL").

d.   Sensitive information related to the plaintiff or other individual, the release of which could constitute an invasion of privacy, including criminal and immigration records or medical records.

e.   Personally identifiable information and contact information of all federal government employees and non-federal government employees, including names and contact information.

f.   Law enforcement sensitive information that would be protected from public disclosure under FOIA or subject to law-enforcement privilege or other restrictions on disclosure.

g.   All other protected documents, information, or tangible things not identified above that the parties agree in writing or the Court orders qualify for protection under Federal Rule of Civil Procedure 26(c).

h.     If a designating party determines that information not described above should be designated "CONFIDENTIAL," the parties shall negotiate the appropriateness of that designation in good faith and endeavor to resolve any dispute prior to the production of that information.

2.     As used herein, "Designating Party" means a party or non-party that designates information or items that it produces in disclosures or responses to discovery as "CONFIDENTIAL." "Challenging Party" means a party that challenges the designation of information or items under this Confidentiality and Protective Order.  "Producing Party" means the party or non-party that produces disclosures or discovery material in this action.  "Receiving Party" means a party that receives disclosures or discovery material from a Producing Party.

3.     Except as provided in this Confidentiality and Protective Order, all Confidential Information produced or exchanged pursuant to this Order (including documents already exchanged between the parties and designated as CONFIDENTIAL) shall be used solely for the purposes of this action and for no other purpose whatsoever, and shall not be published to the general public in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.

4.     Nothing in this Confidentiality and Protective Order shall be construed to limit a Producing Party's use of its own Confidential Information in any manner, or to limit the use of Confidential Information or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIA or FOIL request.

5.     Nothing in this Confidentiality and Protective Order will prevent any person subject to it from producing any Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having

jurisdiction, provided, however, that such person receiving a request will provide written notice to the Producing Party before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

6.      Access to and Use of Confidential Information.

      a.      Basic Principles.  A Receiving Party may use Confidential Information that is disclosed or produced by another party or non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Confidentiality and Protective Order.

      b.      Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        i.   Counsel of Record in this action, including in-house counsel;

        ii.  Employees of Counsel of Record assigned to and necessary to assist in the litigation;

        iii. The City of New York's attorneys may also disclose Confidential Information to the New York City Police Department, the New York City Department of Corrections, the New York City Comptroller's Office, and the New York City Mayor's Office, solely in connection with the defense or settlement of this action, except as otherwise provided in this Confidentiality and Protective Order.  The United States' attorneys may

likewise disclose Confidential Information to agencies of the United States, solely in connection with the defense or settlement of this action, except as otherwise provided in this Confidentiality and Protective Order.

iv.   Witnesses who are deposed in this action, to the extent the witnesses' testimony may relate to documents designated as Confidential Information;

v.   Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

vi.   Court reporters or stenographers/videographers engaged to record deposition testimony, and their employees who are assisting in the preparation of transcripts of such deposition testimony; and

vii.   The Court (whether District or Appellate) and its personnel.

Prior to disclosing or displaying the Confidential Information to any person (other than the Court and its personnel), counsel must:

i.   Inform the person of the confidential nature of the information or documents;

ii.   Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation (except as provided in this Order) and has enjoined the disclosure of the information or documents to any other person; and

iii.   Provide a copy of this Confidentiality and Protective Order to such person and require each such person to sign an agreement to be bound by this Confidentiality and Protective Order in the form attached as

Exhibit A.  The attorney for a Receiving Party making such disclosure shall retain the signed Acknowledgement Form and furnish a copy to the Producing/Designating Party's attorney upon request (except if the disclosure of the Acknowledgment Form itself would expose protected attorney work product, in which case the attorney must so inform counsel for the other parties, and in the event of a dispute, the parties may seek resolution by the Court after conferring).

7.     Protection of Disclosure of Discovery Material and Material Derived Therefrom.  The protections conferred by this Confidentiality and Protective Order cover not only Confidential Information (as defined above), but also (1) any information copied or extracted from Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Information.   However, the protections conferred by this Confidentiality and Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Confidentiality and Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

The parties do not waive their right to assert other or further privileges over Confidential Information and redact such information.  For instance, the parties may withhold or redact information that is subject to a claim of privilege such as withholding classified national security

information or withholding or redacting any other information subject to a claim of privilege or exemption from disclosure, including but not limited to the Deliberative Process Privilege, Law Enforcement Privilege, Attorney Client Privilege, or Attorney Work Product Doctrine.

8.      <u>Authorization to Disclose Information Subject to the Privacy Act</u>.  This Confidentiality and Protective Order authorizes federal agencies and their counsel to produce information that otherwise would be prohibited from disclosure under the Privacy Act, 5 U.S.C. § 552a, without presenting Privacy Act objections to this Court for a decision regarding disclosure.  To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Protective Order constitutes such a court order and authorizes the disclosure of that information.  The terms of this Protective Order shall govern the safeguarding of such information.  Nothing in this paragraph shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities.

9.      <u>A Non-Party's Protected Material Sought to Be Produced in this Action</u>.  The terms of this Confidentiality and Protective Order are applicable to information produced by a non-party in this action and designated as Confidential Information.  Such information produced by non-parties in connection with this action is protected by the remedies and relief provided by this Confidentiality and Protective Order.  Nothing in this Order shall be construed as prohibiting a non-party from seeking additional protections.

10.     <u>Manner and Timing of Designations</u>.

        a.      <u>In General</u>, at the time of production, the parties should use their best efforts to clearly designate protected material by marking it "CONFIDENTIAL," or otherwise designating the material clearly as confidential by Bates number or otherwise; such mark should be affixed to each page that contains protected

material and shall not interfere with the legibility of the document.  A Receiving Party may designate a document produced by another party as Confidential Information if it believes in good faith that the document contains Confidential Information.  The Receiving Party shall mark, or otherwise clearly designate by Bates number or otherwise, the page(s) that contain the protected material and deliver copies or notice of such designations to Counsel of Record for all parties.

b.  <u>For testimony given during a deposition</u>, any party may designate a deposition or portion thereof as "CONFIDENTIAL" by doing so on the record at the deposition or by serving written notice of the page and line of the confidential deposition portions.  Such designations must be made within thirty (30) calendar days of receiving the final transcript.  Until the aforesaid period to designate the deposition has passed, the entire transcript shall be deemed as Confidential Information under the terms of this Confidentiality and Protective Order unless the party waives designation in writing.  A party may also orally designate testimony during the course of a deposition by making a statement to that effect, on the record at the deposition.  In this case, the court reporter shall transcribe the designated pages in a separate volume marked with the appropriate designation, or otherwise mark the confidential portions clearly in the transcript.  Any individual attending the deposition must leave the room prior to discussion of whether material is designable if that person is not authorized to view Confidential Information under the terms of this Confidentiality and Protective Order.  The disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel

(including their staff and associates), the court reporter, and any other persons(s) agreed upon.

11.   <u>Inadvertent Failures to Designate</u>.  If at any time prior to the trial of this action, a producing person realizes that some portion(s) of produced material that he, she, or it had previously produced without limitation should be designated as "CONFIDENTIAL," he, she, or it may so designate by so apprising all prior recipients of the produced material in writing, and thereafter such designated portion(s) of the produced material will thereafter be deemed to be and treated as Confidential Information under the terms of this Confidentiality and Protective Order.  The parties shall cooperate to maintain confidentiality of any inadvertently disclosed information upon notice of any inadvertent failure to designate, and to ensure that from that point forward it is restricted to only those persons authorized to review such information pursuant to this Confidentiality and Protective Order, and if the information has already been disclosed to another person, such disclosing party shall comply with the provisions of Paragraph 6(b) and ensure the confidentiality of such disclosed material.  An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Confidentiality and Protective Order for such material.

12.   <u>Challenging Confidentiality Designations</u>.

a.   <u>Timing of Challenges</u>: Any party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does

not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b.   <u>Meet and Confer</u>: The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing with particularity the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Confidentiality and Protective Order.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

c.   <u>Judicial Intervention</u>: If the parties cannot resolve a challenge without court intervention after a good-faith effort to resolve the disagreement, either the Designating or the Challenging Party may apply to the Court for a ruling that the Confidential Information objected to shall (as applicable) be treated or not treated as CONFIDENTIAL.  Until the Court enters an order determining the status of the information whose designation under this Confidentiality and Protective Order is being objected to, such material shall be treated as designated under this Confidentiality and Protective Order, unless the parties otherwise agree by written stipulation.

13.     <u>Filing of Confidential Information</u>.  The parties will follow the procedures set forth in the Appendix to the Hon. Robert W. Lehrburger's Individual Practices entitled "Rules for Redactions and Filing Under Seal."

14.     <u>Use at Court Proceeding</u>.  If a party expects to use Confidential Information at any hearing, trial, or appellate proceeding in this action, the non-designating party shall provide the Designating Party with sufficient opportunity—no less than ten (10) days' advance written notice—to allow the parties to prepare a joint stipulation, or for the Designating Party to make an application to the Court requesting that the material be filed and kept under seal, or otherwise seek to prevent the disclosure or dissemination of the Confidential Information, in advance of its use in open court.

15.     <u>Right to Assert Other Objections</u>.  Nothing in this Confidentiality and Protective Order compels the production or disclosure of privileged material, prevents the Producing Party from making any objection or claim of privilege, or constitutes an admission or waiver of any claim, privilege, or defense by the Producing Party.  Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Confidentiality and Protective Order.

16.     <u>Privileged Information</u>.  Information contained in any document produced in this litigation and subject to any legal privilege, including but not limited to attorney-client, deliberative process, work product, and law enforcement privileges, will remain redacted after entry of this Confidentiality and Protective Order.  No party waives the right to receive a proper privilege log concerning any invocations of privilege, or to challenge any invocation of privilege.

17.     <u>Inadvertent Production of Privileged or Otherwise Protected Material</u>.  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, such as trial-preparation material, the obligations of the

Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Federal Rule of Evidence 502, neither attorney-client privilege nor work product protection is waived by disclosure connected to this litigation.

18.     Unauthorized Disclosure of Confidential Information.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Confidentiality and Protective Order, the Receiving Party, must immediately (a) notify all parties in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Confidentiality and Protective Order, and (d) request that such person or persons execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

19.     Right to Further Relief.  Nothing in this Confidentiality and Protective Order abridges the right of any person to seek its modification by the Court in the future.

20.     Duration. Even after final disposition of this litigation, the confidentiality obligations imposed by this Confidentiality and Protective Order shall remain in effect and binding upon all persons to whom Confidential Information has been produced or disclosed until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action; or (3) termination by settlement agreement that is signed by the parties and approved by the Court.

21.     Return of Documents.  Within sixty (60) days of the final disposition of this action, all materials that continue to be designated as Confidential Information and all copies thereof shall

either be returned to the Producing Party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected and subject to the terms of this Confidentiality and Protective Order.

22.     <u>Violation</u>.  The Court will retain jurisdiction over all persons subject to this Confidentiality and Protective Order to the extent necessary to enforce any obligations arising hereunder.  Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or money sanctions.

*[remainder of this page intentionally blank]*

SO STIPULATED AND AGREED.

Dated:  New York, New York
            December 15, 2020

JEFFREY A. ROTHMAN
*Attorney for Plaintiff*

JAMES E. JOHNSON
Corporation Counsel of
   the City of New York
*Attorney for Defendant the*
   *City of New York*

By:   \_\_/S/ *Jeffrey A. Rothman*_____
     Jeffrey A. Rothman
     305 Broadway, Suite 100
     New York, NY 10007
     212-227-2980
     rothman.jeffrey@gmail.com

By:   *Brian Zapert*/S/
     Brian Zapert
     Senior Counsel
     Special Federal Litigation Division
     100 Church Street, Room 3-157
     New York, New York  10007
     212-356-2354
     bzapert@law.nyc.gov

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
*Attorney for Defendant the*
    *United States of America*

By:   */s/ Brandon M. Waterman*_____
     BRANDON M. WATERMAN
     Assistant United States Attorney
     86 Chambers Street, 3rd Floor
     New York, New York 10007
     Tel: (212) 637-2741
     brandon.waterman@usdoj.gov

SO ORDERED.

Dated: New York, New York
       December _17_, 2020

12/17/2020

_____
ROBERT W. LEHRBURGER
United States Magistrate Judge

- 14 -

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS HERNANDEZ,

                    Plaintiff,

          v.                                              No. 16 Civ. 6139 (JPC)(RWL)

UNITED STATES OF AMERICA, *et al.*,

                    Defendants.

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

        The undersigned hereby declares under penalty of perjury that he or she has read the
Protective Order entered in the United States District Court for the Southern District of New
York in the above-captioned action, understands its terms, and agrees to be bound by each of
those terms.  Specifically, and without limitation, the undersigned agrees not to use or disclose
any Confidential Information made available to him or her other than in strict compliance with
the Confidentiality and Protective Order.  The undersigned acknowledges that his or her duties
under the Confidentiality and Protective Order shall survive termination of this case and are
permanently binding, and that failure to comply with the terms of the Confidentiality and
Protective Order may result in the imposition of sanctions by the Court.  The undersigned further
understands that he or she is submitting him or herself to the jurisdiction of the United States
District Court for the Southern District of New York for the purpose of any issue or dispute
arising hereunder.


_____
[Date]                                              _____
                                                    [Print Name]

                                                    _____
                                                    [Signature]